TRINA A. HIGGINS, United States Attorney (#7349)
JENNIFER K. MUYSKENS, Assistant United States Attorney (DC #475353)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: Jennifer.Muyskens@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KAILIN WANG,<br><br>Defendant. | Case No. 2:24-cr-00163-TS<br><br>**UNITED STATES' SUPPLEMENTAL DETENTION BRIEF**<br><br>Judge Ted Stewart<br>Magistrate Judge Daphne Oberg |

The United States, by and through the undersigned Assistant United States Attorney, respectfully submits this supplemental pleading in support of its request for detention. This supplemental pleading addresses several claims made by the defense in its response brief, filed on July 1, 2024, and identifies exhibits that the United States may rely on at the July 2, 2024 hearing on the defendant's motion for review of detention.

The government is submitting (as part of a separate, sealed filing)[1] the following exhibits, which it intends to use during the July 2, 2024 hearing:[2]

| Gov't Exhibit No. | Description |
| --- | --- |
| 1 | Notice of Motion and Motion to Detain (with Exhibits), filed on May 10, 2024 in Superior Court of the State of California, City and County of San Francisco (Case No. 190116407) |
| 2 | Second Amended Information, filed on January 16, 2024 in the Fourth Judicial District Court in and for Utah County (Case No. 211100167) |
| 3 | Findings and Order by Judge Russell Roeca, Superior Court of California, County of San Francisco (Case No. FDV-19-814465), dated May 2, 2024 |
| 4 | January 4, 2024 Report by Molly Amman, detailing her threat assessment and the risk of violence by defendant |
| 5 | CV of Molly Amman |

## I.      The United States Is Entitled to a Detention Hearing

The United States submits that it established, in its Position Regarding Detention, a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure, or intimidate a witness. The United States

---

[1] Many of the exhibits contain personal identifying information about the defendant, the victims, their family, and others. This identifying information is necessary to understand the exhibit and its relevance on the detention issue before the Court; as such, submitting redacted exhibits for the Court and counsel as part of a public filing is not practical.

[2] The first three government exhibits were submitted to Magistrate Judge Oberg and defense counsel during the May 29, 2024 detention hearing, and are provided as part of the sealed exhibit pleading to ensure a complete record. Government Exhibits 4-5 were produced to the defense as part of discovery.

2

supplements the information in its Position Regarding Detention with the following:

- Contrary to the defendant's claim that the social media posts (alleging that the minor child was "Missing" and had been kidnapped by Victim-1 and his family) "included only the name of the child and not any other personal identifying information like the date of birth," the media posts, and the defendant's own social media page, contained a photograph of the minor child, and photographs (along with the names) of Victim-1 and his family. Further, defendant made multiple posts, re-posting the photographs of the minor child, Victim-1 and his family, in alleging that there was a "live international abduction unfolding before our eyes."

- Contrary to the defendant's claim that the only violations of the numerous court orders in existence are the recent conduct by the defendant, the defendant violated court orders designed to protect the victims and the minor child when she repeatedly forged and falsified Utah state court subpoenas to obtain information about the minor child and others in 2020 and 2021. Some of this conduct is detailed in Government's Exhibit 2 (Second Amended Information). The defendant also submitted forged and falsified subpoenas to AirBnB, to the State Department (to try to obtain a copy of the minor child's passport), and to other third parties. For example, the defendant falsified a subpoena to AirBnB seeking information about past and future

3

travel plans by Victim-1 and members of his family.[3] All of these actions by the defendant were done when she was under multiple court orders (issued in 2019) not to stalk or harass or threaten or obtain the addresses or locations of Victim-1 and his family.

- Beginning in March 2019, the defendant was under a court order that she turn in the minor child's birth certificate and not apply for any birth certificate. Approximately 6 weeks after that court order was issued, the defendant applied for a new Utah birth certificate in which she changed the child's name and changed the city and state of residence of the mother. The defendant violated the March 2019 court order for a period of five (5) years – from April 2019 through May 2024 – because she not only obtained the new birth certificate but also failed to turn over the new birth certificate in violation of the court's order. This conduct is detailed in the May 2024 Order, submitted as Government's Exhibit 3.

- The defendant is charged with cyberstalking Victim-1 and Victim-2. The conduct did not end in 2019. It has continued and the victims remain fearful of what the defendant will do. Victim-1 and his family are so fearful they retained an expert (a former profiler with the FBI's Behavioral Analysis

---

[3] Information regarding the forged and falsified subpoenas was provided to the defense as part of discovery.

Unit) to prepare a threat assessment for the risk of violence by the defendant. That report, which was produced to the defense as part of discovery, is submitted as Government's Exhibit 4. (A CV for the expert is submitted as Government's Exhibit 5). The report documents specific conduct by the defendant (with numerous citations to supporting records), and identifies the very real and serious risk the defendant poses to the minor child, Victim-1, and his family. Notably, this threat assessment was prepared *before* the defendant made the recent social media posts, claimed the minor child was missing to law enforcement, and obtained and posted in a public pleading the new address of Victim-1's family, all in violation of court orders.

As it relates to the risk of flight, the United States does not dispute the defendant's factual statements, to include the statement that the comment in a jail call about filing to move away appears related to the California custody case. The United States is withdrawing its argument that the comment in the jail call suggests an intent or desire to leave the country. However, the United States submits that there is risk of flight in this case. First, as detailed in Government's Exhibit 2, in April 2019, the defendant obtained and then concealed from the family court a new birth certificate for the minor child in which she changed his name. Around that same time, the defendant obtained a ten-year "open" visa to travel to China; that visa remains valid and "open" for travel through 2029. The defendant was born in China and her parents maintain ties to China. There is no

extradition treaty with China. In 2020, the defendant submitted a falsified/forged subpoena to the U.S. Department of State to obtain a copy of the minor child's passport and other records. Finally, the family court judge handling the California custody case twice made a finding (in 2021 and 2022) that the defendant posed a "heightened risk of abduction."

## II.    Detention is Warranted.

The United States submits that, when considering the factors in Section 3142(g), there are no conditions or combination of conditions that can reasonably assure the safety of any other person and the community, or reasonably assure the appearance of the defendant.

The defendant is a serial stalker. She stalked a victim in New York in 2013. She threatened him with violence. She made fake postings on social media sites to send men to his apartment for sex. She falsely accused him of criminal conduct for which he was arrested. When her fraud on the court was eventually discovered, she was criminally charged with multiple counts of harassment. The court supervision and interventions attempted in that case did not stop her from stalking Victim-2 a few years later. She threatened to kill Victim-2. She repeatedly told him to kill himself. She harassed him and his family and friends. Text messages with Victim-2 reflect her laughing at the harassment and harm she caused to the New York victim, and she specifically referenced when the protective order in the New York case would expire.

The defendant terrorized Victim-2. When Victim-2 reported her to law enforcement,

she perpetrated a fraud on the court to obtain a court order against Victim-2. A short time later, she began stalking Victim-1. When Victim-1 reported her to law enforcement, she used the same fraudulent information used against Victim-2 to perpetrate yet another fraud on the court to obtain a court order against Victim-1. She then escalated her stalking behavior to make false criminal allegations to federal law enforcement about both Victim-1 and Victim-2. She was uniquely positioned to know the harm of those false criminal allegations because she had done it before, to the New York victim.

Even after she was criminally charged in California state court and required to post a $750,000 bail to secure her release from custody, even after numerous court orders were issued to protect the victims, she did not stop. Court orders have not protected the victims, the minor child, or Victim-1's family. The defendant not only defied court orders that were designed to protect these individuals, she also forged and falsified court subpoenas to obtain information about the victims and their family, as well as a Utah constable. Her conduct makes clear that there is no form of community supervision or court order that can protect the victims and witnesses in this federal criminal case, or assure her appearance in court. Detention is warranted.

DATED this 1st day of July, 2024.

TRINA A. HIGGINS
United States Attorney

*/s/ Jennifer K. Muyskens*
Jennifer K. Muyskens
Assistant United States Attorney