Kailin Wang
2481 Fairway Dr.
Spanish Fork, Utah 84660
801-787-9755
kaywg2372@gmail.com

FILED
2026 APR 16
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**KAILIN WANG**,<br><br>Defendant. | DEFENDANT'S MOTION FOR LEAVE TO FILE ONLY THE EXHIBITS ACCOMPANYING DEFENDANT'S MOTION FOR A CONTINUANCE OF SENTENCING<br><br>Case No. 2:24-cr-00163-TS<br><br>Judge Ted Stewart<br><br>Magistrate Judge Dustin Pead |

Defendant Kailin Wang, proceeding *pro se*, respectfully moves this Court for leave to file only the exhibits accompanying Defendant's Emergency Motion for Continuance of Sentencing, under Restricted Level 2, pursuant to General Order 24-004 and the District of Utah's Local Rules governing access levels in criminal filings. The Continuance Motion itself is filed on the public docket. The exhibits filed under restricted access consist of, or contain substantial excerpts from, the Presentence Report ("PSR") and the forensic psychological evaluation prepared by Dr. J. Reid Meloy, Ph.D., ABPP (the "Meloy Report"), both of which are independently subject to heightened confidentiality protections under applicable law and court rules.

## I.  Applicable Standard

Under General Order 24-004, criminal proceedings and records are presumptively open to the public, and documents not listed on the Court's presumptive restriction list are ordinarily

available for public electronic access unless otherwise ordered. To change or add a restricted access level, a party must file a motion supported by a sealed memorandum demonstrating good cause — explaining why restriction is necessary, why it outweighs the presumption of public access, and why redaction is unavailable or inadequate. Defendant submits that good cause exists here for the reasons stated below and in the accompanying Sealed Memorandum in Support.

## II.  Description of Exhibits Sought to Be Filed Under Restricted Level 2

The exhibits Defendant seeks to file under Restricted Level 2 include the following categories of materials:

(a) **The Presentence Investigation Report (PSR) and Related Addenda.** The PSR prepared by the United States Probation Office in this matter contains extensive confidential personal information, including Defendant's personal history, medical and mental health background, financial records, and other sensitive biographical data. PSRs are subject to a well-established tradition of confidentiality under Federal Rule of Criminal Procedure 32(e)(2), which restricts disclosure to the Court, counsel, and the defendant. *United States v. Gonzales*, 150 F.3d 1246, 1264 (10th Cir. 1998). Public dissemination of the PSR would unreasonably invade Defendant's privacy and is inconsistent with the restricted-access treatment that PSRs routinely receive in this district and nationwide.

(b) **The Meloy Forensic Psychological Evaluation.** The government produced on April 15, 2026, an "Updated Violence Risk and Threat Assessment" by Dr. J. Reid Meloy, Ph.D., ABPP, dated April 14, 2026 (the "Meloy Report"), consisting of 21 pages with an attached 9-page record list spanning more than 100 source documents. The Meloy Report constitutes a detailed forensic psychological evaluation of Defendant, including findings regarding her mental health, personality characteristics, risk classification, and clinical history. Psychological evaluation records are among the most sensitive categories of personal information and are subject to heightened privacy protections under HIPAA, 45 C.F.R. § 164.524, applicable state law, and the well-recognized constitutional and common-law privacy interests in mental health records. *Whalen v. Roe*, 429 U.S. 589, 599–600 (1977); *United States v. Charley*, 189 F.3d 1251, 1262 (10th Cir. 1999).

**(c) Supporting Documentary Exhibits.** The exhibits further include underlying source documents and records cited in or annexed to the Meloy Report, including unredacted state-court records, sealed custody and family-court proceedings from multiple jurisdictions, communications concerning minor children, and materials relating to alleged conduct in civil and criminal matters not at issue in this proceeding. These materials collectively contain sensitive personal information concerning Defendant and third parties — including a minor child — whose public disclosure is not warranted and would not serve any legitimate purpose consistent with the presumption of public access.

### III.  Good Cause for Restricted Level 2 Designation

Good cause exists to file the above-described exhibits under Restricted Level 2 for the following independent and cumulative reasons:

**A.  PSRs Are Entitled to Presumptive Confidentiality.** Federal Rule of Criminal Procedure 32(e)(2) expressly limits disclosure of the PSR to the Court, counsel of record, the defendant, and the probation officer, and restricts further disclosure without court authorization. This district and courts nationwide treat PSRs as restricted documents as a matter of course. Filing the PSR as a public exhibit would directly contravene these well-established protections without any corresponding public benefit.

**B.  The Meloy Report Contains Protected Mental Health Information.** The Meloy Report is a detailed forensic psychological evaluation containing Defendant's mental health history, clinical impressions, personality assessments, and risk classifications. The Supreme Court has recognized a constitutional privacy interest in the nondisclosure of personal medical information, including mental health records. *Whalen*, 429 U.S. at 599–600. The Tenth Circuit has similarly recognized the sensitivity of psychological records in the criminal sentencing context. Public filing of a detailed psychological evaluation would cause serious and irreversible harm to Defendant's privacy interests that cannot be remedied after the fact.

**C.  The Exhibits Contain Information Concerning a Minor Child.** Several exhibits reference or include records concerning a minor child who is not a party to this proceeding. The strong public policy interest in protecting minors from unnecessary exposure in public criminal proceedings independently supports restriction. *Globe Newspaper Co. v. Superior Court*, 457

U.S. 596, 607–08 (1982) (recognizing the state's compelling interest in protecting the welfare of minor victims in criminal proceedings).

**D. Redaction Is Not a Practicable Alternative.** Although Defendant has diligently considered redaction, the nature and density of protected information in these exhibits renders meaningful redaction impracticable. The PSR is, by its nature, comprehensively confidential — virtually every substantive paragraph contains personal information that Rule 32(e)(2) protects from public disclosure. The Meloy Report similarly contains psychological findings, clinical assessments, and source-material citations that pervade the document; redacting each reference to protected health information would leave the document largely obscured and would materially impair the Court's ability to review it in context. For multi-jurisdictional underlying source documents, the volume and layered sensitivity of protected third-party and minor-child information renders page-by-page redaction similarly impracticable. Restriction under Level 2 is the least restrictive adequate alternative.

**E. Restricted Level 2 Preserves Full Adversarial and Judicial Access.** The requested designation — Restricted Level 2 — strikes an appropriate and narrow balance between the public's right of access and the need to protect sensitive information. Under Restricted Level 2, the docket entry itself remains publicly visible; electronic access to the exhibits is limited to the Court, the filing party, defense counsel, and the government. This structure preserves complete access for all parties and the Court while shielding particularly sensitive material from public dissemination. The government's interests are fully protected because it will receive complete copies of all restricted exhibits by separate service.

## IV. Compliance with General Order 24-004

Consistent with General Order 24-004, Defendant simultaneously files a Sealed Memorandum in Support of this Motion that: (a) identifies the specific exhibits for which Restricted Level 2 designation is requested; (b) attaches those exhibits; (c) provides additional detail regarding the sensitive nature of the information contained therein; and (d) explains why restriction, rather than redaction, is necessary to adequately protect the interests at stake. Defendant will ensure that the government receives complete copies of all restricted exhibits and the sealed memorandum by separate service outside CM/ECF.

## V. Relief Requested

WHEREFORE, Defendant respectfully requests that the Court:

1. Grant this Motion for Leave to File Exhibits Under Restricted Level 2;

2. Authorize Defendant to file the exhibits accompanying the Emergency Motion for Continuance of Sentencing, — including the Presentence Report, the Meloy Forensic Psychological Report, and related documentary exhibits — under Restricted Level 2, with the docket entry remaining publicly visible and access to the exhibits limited to the Court and case participants as defined in General Order 24-004; and

3. Grant such other and further relief as the Court deems just and proper.

DATED this 16th day of April, 2026.

Respectfully submitted,

_____

Kailin Wang Defendant, Pro Se


## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2026, I filed the foregoing Motion with the Clerk of the Court and served a copy on AUSA Joey Blanch (joey.blanch2@usdoj.gov); Conrad Kaufman, U.S. Probation Officer; conrad_kaufman@utp.uscourts.gov; Richard Sorenson (standby counsel); richard_sorenson@fd.org